CLOSED
# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC J. RHETT,  Plaintiff,  v.  PSE&G Company, et als.  Defendants. | Civil Action No. 11-2099 (PGS)  MEMORANDUM AND ORDER |

This matter is before the Court on Defendant, Public Electric Service and Gas Company's motion for summary judgment[1].

Background

As best as Plaintiff, Eric Rhett's complaint can be understood, he seeks injunctive relief to compel PSE&G to reinstate his utility services[2]. According to the Complaint, Mr. Rhett's utility payments had fallen in arrears. In support of the motion, Defendants have submitted the Certification of Catherine Flaherty, customer operations supervisor at PSE&G ("Certification"). According to the Certification, Plaintiff currently receives a monthly credit on the utility account in question in the amount of $73.71 from the State of New Jersey Home Energy Assistance Program's

---

[1] On August 6, 2012, the Court converted Defendant's motion to dismiss to a motion for summary judgment and allowed the parties until August 20, 2012 to submit additional materials.

[2] Mr. Rhett has previously submitted numerous complaints which were dismissed for various reasons.

Universal Fund. (Certification, para. 4). According to Ms. Flaherty, utility services to Mr. Rhett's property are currently being provided and there is no scheduled interruption of services.

Legal Standard

## II.     LEGAL STANDARD

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts

showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgement. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor – that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. Appx. 222, 227 (3d Cir. 2007).

In this case, according to the Certification of Ms. Flaherty, Plaintiff currently receives a monthly credit on the utility account in question in the amount of $73.71 from the State of New Jersey Home Energy Assistance Program's Universal Fund (Certification, para. 4), and utility services to Mr. Rhett's property are currently being provided and there is no scheduled interruption of services. Therefore Mr. Rhett's complaint is moot and certainly there is no proof which would warrant injunctive relief. Generally, a federal court is without power to decide moot questions. *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S. Ct. 448, 449, 64 L.Ed. 808 (1920)[3].

THEREFORE, it is on this 11th day of September, 2012;

ORDERED that for the reasons set forth above, Defendant's motion for summary judgment is granted and the complaint is dismissed with prejudice.

        *s/Peter G. Sheridan*
        PETER G. SHERIDAN, U.S.D.J.

---

[3] The proper forum for disputes regarding a threatened cut off of a residential utility service is with the State of New Jersey Board of Public Utilities, and Plaintiff appears to be aware that the NJBPU has jurisdiction over his current administrative claims (see, docket entry 20, p. 3).