# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC J. RHETT,<br><br>Plaintiff,<br><br>v.<br><br>PSE&G Company, et als.<br><br>Defendants. | Civil Action No. 11-2099 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Defendant, New Jersey Department of Community Affair's motion to dismiss the Complaint. (ECF 33),

Eric Rhett contends his electric utility service account with defendant PSE&G Co. Inc. fell into arrears because the Department did not apply a monthly credit under the Home Energy Assistance Program. Previously, the Court found that Mr. Rhett's utility service was not in jeopardy, his utility service had not been terminated, and PSE&G had no intention to collect any amounts due or to terminate service. Since there was nothing in controversy, the Court found the action to be moot (ECF 28).* Despite the decision, Mr. Rhett continues to argue otherwise, because he receives a monthly bill which sets forth the amount due for each month, and bears a bold face warning which reads:

> ** SHUT-OFF NOTICE ** 1-800-357-2262 (Mon-Fri. 7:30 AM – 8:00 PM
>
> Your service is currently in danger of being shut off. $208.82 is due immediately.

> Note further than an additional $46.37 is now past due and must be paid by 8/30/2013 or $256.19 will be required to avoid shut off. An additional security deposit may be required if late payments continue. A statement of customer rights and fees is shown on the reverse side.

PSE&G acknowledges that Mr. Rhett receives a computer generated bill on a pre-formatted bill which are sent to all customers. It is impractical to expect PSE&G to pull out Mr. Rhett's notice from the mass mailing when there are so many customers. PSE&G contends that Mr. Rhett should ignore the monthly statement since his services are partially paid for by the Home Energy Assistance Program, and PSE&G has no intention to collect or shut off service.

In mid-June 2013, the New Jersey Department of Community Affairs (Department) brought this motion to dismiss. Mr. Rhett has not filed any brief or letter in response, but Mr. Rhett has submitted a declaration concerning an application to receive funds from the New Jersey Low Income Home Energy Assistance Program, and a number of unrelated letters and submissions (ECF 38, ECF 40, ECF 41, ECF 42, ECF 43, ECF 44, ECF 45 and ECF 46). None of these documents are germaine to the present case; and each by itself makes little sense in the context of this litigation. As such, the court focuses on the Department's motion.

The Court concludes the motion to dismiss is granted for the following reasons:

(1) The Eleventh Amendment bars the claims against the Department. See *MCI Telecom Corp. v. Bell Atlantic*, 271 F.3d 491, 503-504 (3rd Cir. 2001).

(2) The case is moot because Mr. Rhett's utility account is not subject to collection, his service had not been turned off, and PSE&G had no present intention to do so. These findings support the Court's previous conclusion the complaint is moot. *United States v. Alaska S.S. Co.*, 253 U.S. 113 (1920); and

(3) Mr. Rhett failed to exhaust his administrative remedies before the New Jersey Board of Public Utilities which bars this case. See, *Glenview Dev. Co. v PSE&G*, 77 N.J. 304, 306-307 (1970).

## ORDER

For the reasons set forth above;

IT IS on this 6th day of February, 2014;

ORDERED that New Jersey Department of Community Affair's motion to dismiss the Complaint. (ECF 33) is granted; and it is further

ORDERED that since the two principal defendants[1] have been dismissed, the case is closed.

                                                   */s/ Peter G. Sheridan*
                                          PETER G. SHERIDAN, U.S.D.J.

---

[1] There is another Defendant, Superior Evans, who has allegedly been served. Neither PSE& nor the Department can identify her as an employee. Under any circumstances, Superior Evens has no ability to alter Mr. Rhett's utility bill.